UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

DONALD ROWE  CIVIL ACTION NO.

VERSUS

19-863-SDD-EWD

PRIMERICA LIFE INSURANCE COMPANY,
GUARDIAN LIFE INSURANCE COMPANY OF
AMERICA, CHRIS DANTIN, INC. AND
CHRIS DANTIN

**NOTICE AND ORDER**

Plaintiff, Donald Rowe ("Plaintiff"), filed suit against Primerica Life Insurance Company ("Primerica"), Guardian Life Insurance Company of America ("Guardian"), Chris Dantin, Inc. ("CDI"), and Chris Dantin ("Dantin") in state court seeking to recover as beneficiary of two life insurance policies issued to Plaintiff's son, Corey J. Rowe ("Decedent"). On December 13, 2019, Guardian filed a Notice of Removal asserting that this Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1332 based on the assertions that the amount in controversy exceeds $75,000, exclusive of interest and costs, and the properly joined parties are completely diverse.[1]

Guardian alleges that it is incorporated in the State of New York, with its principal place of business in New York.[2] Guardian also alleges that Primerica is incorporated in the State of Tennessee, with its principal place of business in Georgia.[3] Guardian further alleges that CDI is incorporated in the State of Louisiana, with its principal place of business in Louisiana, and that Dantin is a Louisiana domiciliary.[4] Although Guardian alleges that both Plaintiff, and Defendants

---

[1] With respect to the amount in controversy, Guardian asserts that Plaintiff alleges entitlement to $1,000,000 in insurance benefits. R. Doc. 1, ¶¶ 5-15.

[2] R. Doc. 1, ¶ 17.

[3] R. Doc. 1, ¶ 18.

[4] R. Doc. 1, ¶ 19.

CDI and Dantin, are Louisiana citizens,[5] Guardian asserts that CDI and Dantin have been "improperly joined in this action" and their citizenships must be ignored for purposes of assessing the presence of complete diversity.[6] Specifically, Guardian argues that Plaintiff's claims against CDI and Dantin "are time barred under La. R.S. 9:5606's preemptive period" because Plaintiff "failed to bring his action within three (3) years of the purchase of the Guardian Policy."[7] Thus, Guardian argues that "Plaintiff has no possibility of recovery against Mr. Dantin or [CDI]."[8]

The party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper."[9] "'[A]ny contested issues of fact and any ambiguities of state law must be resolved' in favor of remand,"[10] and "[a]ny doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."[11] The Fifth Circuit has "recognized two ways to establish improper joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'"[12] As to the second method, the test "is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently

---

[5] R. Doc. 1, ¶¶ 16, 19.

[6] R. Doc. 1, ¶ 20, 25.

[7] R. Doc. 1, ¶¶ 20, 22.

[8] R. Doc. 1, ¶ 24.

[9] *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004).

[10] *African Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 793 (5th Cir. 2014) (quoting *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242. 249 (5th Cir. 2011)). *See also*, *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003) ("Any contested issues of fact and any ambiguities of state law must be resolved in [plaintiff's] favor. The burden of persuasion on those who claim fraudulent joinder is a heavy one.").

[11] *Bartel v. Alcoa Steamship Co.*, 64 F.Supp.3d 843, 847 (M.D. La. 2014) (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

[12] *Smallwood v. Central Railroad Co.,* 385 F.3d 568, 573 (5th Cir. 2004) (quoting *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)).

means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."[13]

Guardian appears to rely on the second method of establishing improper joinder. A court may resolve this issue in one of two ways. "The court may conduct a Rule 12(b)(6) analysis, looking at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. That said, there are cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry."[14] The Fifth Circuit has cautioned that such summary inquiry "is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant."[15]

"Federal courts are duty bound to determine their own jurisdiction and may do so *sua sponte* if necessary."[16] This Court cannot ensure the existence of federal subject matter jurisdiction until the issues of CDI and Dantin's joinder are resolved. Accordingly,

**IT IS HEREBY ORDERED** that on or before **January 8, 2020**, Plaintiff shall file either: (1) a Motion to Remand based on lack of subject matter jurisdiction, addressing the alleged

---

[13] *Id*.

[14] *Smallwood*, 385 F.3d at 573.

[15] *Id*. at 573-74. *See also*, *id*. at n. 12 ("For example, the in-state doctor defendant did not treat the plaintiff patient, the in-state pharmacist defendant did not fill a prescription for the plaintiff patient, a party's residence was not as alleged, or any other fact that easily can be disproved if not true."). *See also*, *African Methodist*, 756 F.3d at 793 ("A mere theoretical possibility of recovery in state court will not preclude a finding of improper joinder. The federal court's inquiry into the reasonable basis for the plaintiff's state court recovery is a 'Rule 12(b)(6)-type analysis,' although the court retains discretion to pierce the pleadings and conduct summary proceedings….").

[16] *Fontenot v. Albemarle Corp.*, 181 F3d 96, 1999 WL 346962, * 1 (5th Cir. 1999).

improper joinder of Chris Dantin, Inc. ("CDI") and Chris Dantin ("Dantin"); or (2) an Amended Complaint deleting all claims against CDI and Dantin.

The case will be allowed to proceed if jurisdiction is adequately established.

Signed in Baton Rouge, Louisiana, on December 18, 2019.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**