UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DONALD ROWE                                              CIVIL ACTION

VERSUS                                                   NO. 19-863-SDD-SDJ

PRIMERICA LIFE INSURANCE
COMPANY, et al.

### ORDER GRANTING MOTION TO SEVER

Before the Court is a Motion to Sever filed on January 27, 2020, by Defendant Primerica Life Insurance Company ("Primerica") (R. Doc. 16). No opposition to this Motion has been filed. For the reasons that follow, Primerica's Motion to Sever is **GRANTED**.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

On November 12, 2019, Plaintiff filed a Petition in the 19th JDC against Primerica, The Guardian Life Insurance Company of America ("Guardian"), Chris Dantin, Inc. ("CDI"), and Chris Dantin ("Dantin").[1] In his Petition, Plaintiff alleges that, on November 1, 2002, he purchased a $500,000 life insurance policy from Guardian with his son, Cory Rowe, as the insured.[2] Plaintiff purchased the policy through the agency CDI, and Dantin was the agent who sold Plaintiff the policy.[3] As alleged by Plaintiff, he was to be both the beneficiary and owner of this policy but was named only as the beneficiary.[4]

On October 25, 2005, Plaintiff purchased a second policy insuring his son, this time from Primerica.[5] For this policy, which also was for $500,000, Plaintiff was named as both the owner

---

[1] R. Doc. 1-2 at 1 ¶ 1.
[2] *Id.* at 1 ¶ 2.
[3] *Id.*
[4] *Id.* at 1 ¶ 3.
[5] *Id.* at 1 ¶ 4.

and beneficiary.[6] However, on September 28, 2018, Plaintiff received a notice from Primerica that the premium on the policy had not been paid.[7] Plaintiff asserts that he then timely mailed in the full quarterly payment to reinstate the policy.[8]

Plaintiff further asserts that, unbeknownst to him, the premium on the policy with Guardian similarly had not been paid.[9] Per Plaintiff, because he was not listed as owner of the Guardian policy, he did not receive a notice regarding the delinquent premium payment; the notification of termination was mailed to his son, Cory Rowe.[10]

On November 11, 2018, Plaintiff's son died.[11] Following Cory Rowe's death, Guardian refused to pay Plaintiff the policy benefits, claiming that the policy had been canceled.[12] Similarly, Primerica informed Plaintiff it would not pay Plaintiff the benefits under its policy and refunded to Plaintiff the premium payment he made to Primerica after he received the policy cancellation notice.[13]

In response, Plaintiff filed this litigation in state court on November 12, 2019, seeking payment of the policy benefits under both the Guardian and Primerica policies, in addition to penalties and interest.[14] Subsequently, on December 13, 2019, Guardian, with the consent of Primerica, removed this matter, asserting federal subject matter jurisdiction under 28 U.S.C. § 1332.[15] In response, Plaintiff, on January 8, 2020, filed a Motion to Remand, alleging that there

---

[6] *Id.*
[7] *Id.* at 1-2 ¶ 5.
[8] *Id.*
[9] *Id.* at 2 ¶ 6.
[10] *Id.*; R. Doc. 12-1 at 4.
[11] R. Doc. 1-2 at 2 ¶ 8.
[12] *Id.* at 2 ¶ 9.
[13] *Id.* at 2 ¶ 11.
[14] *Id.* at 2-3.
[15] R. Doc. 1 at 5-6, 7 ¶¶ 16-19, 26.

was not complete diversity of the parties.[16] Shortly thereafter, on January 27, 2020, Defendant Primerica filed the instant Motion to Sever, in which it seeks to have all of Plaintiff's claims against it severed on the basis of misjoinder.[17] No opposition to Primerica's Motion has been filed.

## II.    LAW AND ANALYSIS

### A. Applicable Law

Under Rule 21 of the Federal Rules of Civil Procedure, a district court has broad discretion to sever improperly joined parties. *Garza v. Phillips 66 Co.*, No. 13-742, 2016 WL 1171004, at *3 (M.D. La. Mar. 4, 2016) (citing *Brunet v. United Gas Pipeline Co.*, 15 F.3d 500, 505 (5th Cir. 1994)). As set forth in Rule 21, "[m]isjoinder of parties is not a ground for dismissing an action." Fed. R. Civ. P. 21. "On motion or on its own," a court "may at any time, on just terms, add or drop a party" or "may also sever any claim against a party." *Id.*

Because Rule 21 does not provide any standards by which district courts can determine if parties are misjoined, courts have looked to Federal Rule of Civil Procedure 20 for guidance. *Garza*, 2016 WL 1171004, at *3 (citing *Pan Am. World Airways, Inc. v. U.S. Dist. Court for Cent. Dist. of Cal.*, 523 F.2d 1073, 1079-80 (9th Cir. 1975)). According to Rule 20(a)(2):

Persons…may be joined in one action as defendants if:

(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). Therefore, "Courts have described Rule 20 as creating a two-prong test, allowing joinder of [parties] when (1) their claims arise out of the 'transaction, occurrence, or

---

[16] R. Doc. 12. This Court recently denied Plaintiff's Motion to Remand, finding the non-diverse Defendants were improperly joined and dismissing all claims against them (R. Doc. 23).
[17] R. Doc. 16 at 1.

series of transactions or occurrences' and when (2) there is at least one common question of law or fact linking all claims." *Parker v. La. Dep't of Pub. Safety & Corr.*, No. 18-1030, 2019 WL 5103811, at *2 (M.D. La. Oct. 11, 2019) (quoting *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521 (5th Cir. 2010)). However, "[i]n the absence of a connection between Defendants' alleged misconduct, the mere allegation that plaintiff was injured by all defendants is not sufficient [by itself] to join unrelated parties as defendants in the same lawsuit pursuant to Rule 20(a)." *Wilson v. Grimes*, No. 15-680, 2017 WL 2371784, at * 3 (M.D. La. May 31, 2017) (quoting *Peterson v. Regina*, 935 F.Supp.2d 628, 638 (S.D.N.Y. Mar. 28, 2013)). "Under the Rules, the impulse is towards entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *Garza*, 2016 WL 1171004, at *3 (quoting *Acevedo*, 600 F.3d at 521). However, trial courts have broad discretion when deciding a motion to sever. *Anderson v. Red River Waterway Comm'n*, 231 F.3d 211, 214 (5th Cir. 2000).

When applying the two-prong test set forth in Rule 20, courts consider whether there is a logical relationship between the claims and whether there is any overlapping proof or legal question. *Weber v. Lockheed Martin Corp.*, No. 00-2876, 2001 WL 274518, at *1 (E.D. La. Mar. 20, 2001) (quotations and citation omitted). Courts also consider whether settlement or judicial economy would be promoted, whether prejudice would be averted by severance, and whether different witnesses and documentary proof are required for separate claims. *Adams v. Big Lots Stores, Inc.*, 08-4326, 2009 WL 2160430, at *2 (E.D. La. July 16, 2009) (citation omitted); *see In re Rolls Royce Corp.*, 775 F.3d 671, 680 n.40 (5th Cir. 2014). The Eastern District of Louisiana has combined these elements into a five-factor test to determine whether severance is appropriate: (1) whether the claim arose out of the same transaction or occurrence; (2) whether the claims

present common questions of fact or law; (3) whether settlement or judicial economy would be promoted; (4) whether prejudice would be averted by severance; and (5) whether different witnesses and documentary proof are required for separate claims. *Melancon v. Town of Sorrento*, No. 13-746, 2015 WL 410866, at * 5 (M.D. La. Jan. 29, 2015) (quoting *E. Cornell Malone Corp. v. Sisters of the Holy Family, St. Mary's Acad. of the Holy Family*, 922 F.Supp.2d 550, 561 (E.D. La. 2013)).

### B. Analysis

In its Motion to Sever, Primerica seeks to have its claims severed "because the claims against it have been misjoined with the claims against The Guardian Life Insurance Company of America, Chris Dantin, Inc. and, Chris Dantin."[18] As argued by Primerica:

> Plaintiff sued two separate life insurance companies for failing to pay death benefits allegedly owed under two separate life insurance policies issue [sic] by the respective companies. Each insurer has asserted its own defenses. And other than the single undisputed fact that plaintiff's son, Cory Rowe, died on November 11, 2018, there is no genuine issue of material fact in common as to the claims against Primerica Life or the Guardian Life Defendants.
> Further, a judgment in favor of or against one life insurance company will have no preclusive effect on the other.[19]

The Court notes at the outset that in its Order denying Plaintiff's Motion to Remand, it also dismissed all claims against Defendants CDI and Dantin. As such, the only claims remaining and, therefore, the only ones potentially severable, are those Plaintiff has alleged against Primerica and Guardian.

Applying the Rule 20 test and related factors here demonstrates that severance is appropriate. First, and most importantly, the claims against Primerica and Guardian did not arise out of the same transaction or occurrence. While Plaintiff purchased life insurance policies with

---

[18] R. Doc. 16 at 1.
[19] *Id.* at 1-2. In its Motion, Primerica defines "Guardian Life Defendants" as Guardian, CDI, and Dantin.

his son as the insured from both Primerica and Guardian, the policies were purchased almost three years apart. Plaintiff entered into a separate agreement with each life insurance company and made separate payments on the policies. Further, two separate instances of failing to pay the premiums on the policies resulted in their cancellation, and the bases for each insurance company refusing to pay Plaintiff policy benefits are in no way connected. Thus, there is no common transaction or occurrence from which these claims arose. While the Court acknowledges that the same event—Cory Rowe's death—potentially triggered the policies, the claims against Primerica and Guardian did not arise from Cory Rowe's death, but rather from Primerica and Guardian's refusal to pay policy benefits thereafter. As such, the first factor weighs in favor of severance.

Similarly, the claims do not present common questions of fact or law. The outcomes of the claims against the remaining Defendants rest on separate and distinct sets of facts regarding the terms of the separate policies and the Parties' adherence thereto, as applicable to them, Plaintiff's failure to pay the premiums on each, any efforts by Plaintiff to reinstate the different policies, and subsequent cancellation of the policies. While they are the same types of facts, the facts themselves are different and are not at all interchangeable. Different witnesses from the two life insurance companies and different documentary proof surrounding issuance, premium payments, and cancellation of the two policies, little to none of which the Court thinks will overlap,[20] will be required for the separate claims.

Along these same lines, while some of the same claims have been made against Primerica and Guardian, such as failure to pay under the terms of the respective policies, a determination that

---

[20] As explained by Primerica, "some basic factual overlap" will occur, such as facts pertaining to "the death of Cory Rowe, the plaintiff's bank balance, and pattern of actions or communications related to attempted untimely reinstatements of each policy." R. Doc. 16-1 at 7. However, these potential overlapping facts are far outweighed by the myriad of different facts pertaining to the different polices, different companies, and different insurance contracts at issue.

one company did (or did not) wrongfully fail to pay Plaintiff policy benefits would have no preclusive—or other—effect on Plaintiff's claims against the other company. The Court, therefore, finds this factor weighs in favor of severance.

In addition, with regard to the promotion of settlement or judicial economy, the Court finds this factor to be largely neutral here. The Court sees no reason why it should be more difficult for Primerica potentially to settle any claims Rowe has against it if the claims against it remain joined with those against Guardian; in either case, Primerica would be resolving only the claims against it. Further, even if Court involvement becomes necessary, *e.g.*, in the form of a settlement conference, such can be done with Plaintiff and a single defendant. Thus, the Court does not find that either severance or joinder necessarily promotes settlement here.

Similarly, with regard to judicial economy, the Court does not find that severance would make the proceedings in either litigation—that against Primerica and that against Guardian—proceed that much more quickly or easily, particularly now that all claims against CDI and Dantin have been dismissed. While separate companies, separate policies, and separate sets of facts are at issue, this case does not appear to involve an overly complicated set of facts or legal theories or a multitude of witnesses that would impede the Court's progress in this litigation. Further, severance would, while simplifying each proceeding against the insurer, potentially result in two trials with two jury panels, thus likely negating any potential efficiency previously gained.

Finally, the Court finds that severance would avert potential prejudice against Primerica. Most significantly, Plaintiff previously has indicated that he intends to amend his petition to name as additional defendants Iron Horse Trading, Inc., along and agent Ellen Alderman, which, after DCI, became the agent on Plaintiff's policy with Guardian.[21] Participating in discovery with

---

[21] *See* "Plaintiff's, Donald Rowe's, Memorandum in Support of Motion to Remand" (R. Doc. 12-1 at 5 n.9) ("It is highly important to note this case is in its infancy and undersigned counsel representing Donald Rowe has had zero

regard to Guardian or these new potential defendants and/or enduring a delay caused by such an amendment potentially would prejudice Primerica.

In its Motion to Sever, Primerica also raises the issue of potential juror confusion "given the multiple claims and causes of action that may be at issue against any of the Guardian Life Defendants."[22] While the Court does not currently view that as much of a concern, given the dismissal of all claims against DCI and Dantin, the Court recognizes this could potentially become an issue should Plaintiff add Iron Horse Trading, Inc. and Ellen Alderman as defendants. This factor, therefore, weighs slightly in favor of granting severance.

In assessing the Rule 20 factors, this Court finds that Defendant Primerica was misjoined in Plaintiff's litigation against Guardian and finds severance of Plaintiff's claims against Primerica to be warranted. *See, e.g., White v. State Farm Lloyds*, No. 18-359, 2018 WL 8803380, at *2 (S.D. Tex. Dec. 27, 2018) (granting motion to sever claims in insurance action filed by five plaintiffs owning four separate properties damaged by storms on different dates that had procured four separate policies with defendant insurer insuring those properties, finding claims did not arise from the "same transaction, occurrence, or series of transactions or occurrences"); *Adams v. Big Lots Stores, Inc.*, No. 08-4326, 2009 WL 2160430, at *3 (E.D. La. July 16, 2009) (granting motion to sever claims by a group of employees against their employer because although "some common questions of law and fact" were involved, "plaintiffs' claims do not arise out of the same transaction or occurrence"); *Sucherman v. Metro. Prop. & Cas. Ins. Co.*, No. 06-8765, 2007 WL 1484067, at *1-2 (E.D. La. May 21, 2007) (granting motion to sever suits filed by separate property

---

opportunity to conduct discovery on any issue, especially on the procedural system in effect for the Dantin defendants, Guardian, and now the newly identified potential defendant, Iron Horse Trading, Inc. with agent Ellen Alderman. Donald Rowe will be amending his petition to name Iron Horse Trading, Inc. and Ellen Alderman (both Louisiana defendants) regardless of the outcome of this Motion to Remand.").
[22] R. Doc. 16-1 at 8.

owners who each held homeowner's policies with the defendant insurer based on claims for property damage during Hurricane Katrina, finding plaintiffs' claims against defendant did not arise out of the same transaction or occurrence).

## III.  CONCLUSION

For the reasons set forth above,

**IT IS ORDERED** that Primerica's Motion to Sever (R. Doc. 16) is **GRANTED**, and Plaintiff's claims against Primerica are **severed** into a separate case.  **IT IS FURTHER ORDERED** that Plaintiff is to file an amended complaint in this litigation and a new complaint against Primerica **within 15 days of the date of this Order**.  The captions of the amended complaint and new complaint must contain only the name of the Plaintiff and the specific Defendant(s) being sued in that particular litigation.  A copy of Plaintiff's original Complaint as well as a copy of this Order must be filed with the new complaint against Primerica.  Plaintiff is not required to pay filing fees in conjunction with these required filings.

Signed in Baton Rouge, Louisiana the 29th day of September, 2020.

*Shelly D. Dick*

**CHIEF JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**